IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No.: _____

PATRICIA GAIL HOFFMANN,

*Plaintiff*,

v.

TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA

*Defendant*.

**COMPLAINT**
**(Jury Trial Demanded)**

NOW COMES Plaintiff Patricia Gail Hoffmann ("Ms. Hoffmann" or "Plaintiff"), by and through undersigned counsel, complaining of Defendant TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA ("TIAA" or "Defendant"), as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen and resident of Charlotte, Mecklenburg County, North Carolina.

2. Upon information and belief, TIAA is a company organized and existing under the laws of the State of New York and is duly authorized to do business in North Carolina.

3. Jurisdiction is proper in the United States District Court pursuant to 28 U.SC. § 1332.

4. The United States District Court for the Western District of North Carolina is the proper venue to adjudicate this action.

## FACTS

5. The allegations in the foregoing paragraphs are realleged and incorporated by reference as though fully set forth herein.

6. Plaintiff is a devout and practicing Christian.

7. As a part of Plaintiff's faith, she regularly attends Christian church services.

8. In or around the year 2014, Plaintiff was hired by TIAA as a "Financial Planner" and worked there continuously until 2022.

9. In September of 2021, Plaintiff was promoted to the position of "Regional Financial Planning Manager."

10. In the year 2022, Plaintiff still held the title of "Regional Financial Planning Manager".

11. While Plaintiff was employed in various capacities by Defendant, she performed her job duties and responsibilities at or above expectations.

12. In 2020, TIAA instructed its subsidiaries, and employees, including Plaintiff, to perform its employment duties and responsibilities from home.

13. From 2020 to 2022, Plaintiff performed her employment duties and responsibilities from home.

14. On or about November 15, 2021, TIAA announced that it would require all its U.S. employees, and any employees of its subsidiaries, to be fully vaccinated against COVID-19 by March 1, 2022, as a condition of continued employment (the "Vaccine Policy").

15. In short, the Vaccine Policy provided that an employee would be subject to termination if he or she is not fully vaccinated against COVID-19 by March 1, 2022.

16. On or about December 2021, Plaintiff submitted a religious accommodation request (the "Religious Accommodation Request") outlining the fact that her sincerely held religious beliefs as a Christian conflict with the Vaccine Policy.

17. TIAA denied the Religious Accommodation Request on or about January 6, 2022.

18. On or about January 6, 2022, TIAA, through Plaintiff's supervisor, told Plaintiff that she must comply with the Vaccine Policy as a condition of continued employment.

19. Upon information and belief, other similarly situated Christian employees whose religious accommodation requests were denied received an opportunity to appeal the same.

20. Upon information and belief, other similarly situated employees of varying religious backgrounds whose religious accommodation requests were denied received an opportunity to appeal the same.

21. Plaintiff was not provided an opportunity to appeal TIAA's denial of the Religious Accommodation Request.

22. Despite Plaintiff's refusal to comply with the Vaccine Policy, Plaintiff continued working for Defendants adequately performing all her duties and responsibilities.

23. On or about March 25, 2022, TIAA terminated Plaintiff's employment exclusively for her failure to comply with the Vaccine Policy.

24. On or about July 2022, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

25. On or about December 17, 2023, the EEOC issued Plaintiff a Notice of Right to Sue Letter.

26. At the time of the filing of this Complaint, TIAA has withdrawn the Vaccine Policy effective January 1, 2023, a tacit recognition of the validity of Plaintiff's objections and requests for exemption from the Vaccine Policy, which appears to have been used as a pretext for the termination of objecting employees.

## FIRST CAUSE OF ACTION
### (Violation of 1964 Civil Rights Act *et seq.* – Wrongful Termination)

27. The allegations in the foregoing paragraphs are realleged and incorporated by reference as though fully set forth herein.

28. Plaintiff, as a Christian, is a member of a protected class.

29. Plaintiff, as a Christian, has sincerely held religious beliefs.

30. Plaintiff suffered adverse employment action at the hands of Defendant.

31. At the time of the adverse employment action Plaintiff was performing her job duties at a level that met Defendant's legitimate expectations.

32. Upon information and belief, Plaintiff's position remains open or was otherwise filled by similarly qualified applicants outside of the protected class.

33. Defendant refused to accommodate Plaintiff's religious practice.

34. Plaintiff's Religious Accommodation Request would not impose an *undue hardship* on TIAA's business.[1]

35. As a direct and/or proximate result of Defendant's actions, Plaintiff has been damaged in an amount exceeding $75,000.00.

36. Defendant's actions, as described herein and above, violate the 1964 Civil Rights Act *et seq*.

## SECOND CAUSE OF ACTION
### (Wrongful Termination)

37. The allegations in the foregoing paragraphs are realleged and incorporated by reference as though fully set forth herein.

---

[1] See *Groff v. Dejoy*, 600 U.S. 447 (2023).

3

Case 3:24-cv-00211-DCK    Document 1    Filed 02/23/24    Page 3 of 4

38. Plaintiff, by adhering to her religious beliefs that prohibit her from complying with the Vaccine Policy, participated in conduct protected by law.

39. Plaintiff, by adhering to her religious beliefs that prohibit her from complying with the Vaccine Policy, refused to participate in conduct that would violate North Carolina public policy.

40. Plaintiff's participation in conduct protected by law was a substantial factor in Defendant's decision to terminate Plaintiff's employment.

41. Plaintiff's refusal to participate in conduct that would violate North Carolina public policy was a substantial factor in Defendant's decision to terminate Plaintiff's employment.

42. As a direct and/or proximate result of Defendant's actions, Plaintiff has suffered damages in an amount exceeding $75,000.00.

WHEREFORE, Plaintiff prays unto the Court for the following relief:

1. For entry of a money judgment in favor of Plaintiff and against Defendant, in an amount to be determined at trial but believed to be in excess of $75,000.00;

2. For an award of pre-judgment interest at the maximum rate allowed by law;

3. For an award of Plaintiff's reasonable attorneys fees to the maximum extent allowed by North Carolina and/or federal law;

4. For a trial by jury on all issues so triable; and

5. For such other and further relief that the Court may deem just and proper.

THIS the 23rd day of February, 2024.

**TLG Law**

/s/ David G. Redding
Alec S. Jalovec
David G. Redding
2907 Providence Road, Suite 303
Charlotte, North Carolina 28211
T: (704) 900-2215
ajalovec@tlg-law.com
dredding@tlg-law.com
*Attorneys for Plaintiff*