IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-211-DCK

| | |
|---|---|
| PATRICIA GAIL HOFFMANN, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| TEACHERS INSURANCE AND ANNUITY ) | |
| ASSOCIATION OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion For Entry Of Stipulated Protective Order" (Document No. 23) filed January 3, 2025. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

Plaintiff Patricia Hoffman ("Plaintiff") and Defendant Teachers Insurance and Annuity Association of America ("Defendant") (collectively, the "Parties") have stipulated and jointly moved for entry of an order setting forth the terms upon which the Parties will produce, exchange, and use sensitive, proprietary, and/or confidential documents and information in this action.

**IT IS, THEREFORE, ORDERED** pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the Parties' Stipulated Protective Order is entered as follows:

1.  <u>Confidential Information and Documents.</u> For purposes of this Order, the term "document" includes all written, recorded, computerized, or graphic material, including interrogatory answers and deposition testimony, produced or created by a party, including its experts, consultants, or outside vendors. For the purpose of this Order, "Confidential Information"

or "Confidential Documents," means any information or documentation that is held by a party as confidential or proprietary, which is supplied by a party to an opposing party or their counsel during discovery in response to a discovery request, in initial disclosures, or is revealed during a deposition. For purposes of this Order, the following categories of documents are understood by the parties to be "Confidential":

(a) Medical, non-public social media data, or personal financial records, including any such information which is exempt from public disclosure under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), or any other state or federal law.

(b) A document not described in Subparagraph (a) that a party believes in good faith contains private, confidential, or proprietary information.

2. <u>Designation of Material as Confidential</u>. When a Party provides discovery materials or information (whether by producing documents, answering interrogatories, responding to requests for admissions, providing testimony at a deposition, through voluntary disclosure or through some other discovery device) or serves or files any papers in this action (hereinafter, "Material(s)"), the Party may designate such Materials as "Confidential."

3. <u>Information Not Confidential</u>. Information shall not be designated as Confidential if (a) it is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of terms of this Order or other obligation of confidentiality; or (b) it is acquired from a non-party in lawful possession of such information and under no obligation to the owner of the information to keep it confidential, unless the non-party producing the information invokes the protections of this Order. Information that otherwise fails to meet criteria set forth in paragraph 1 shall not be designated Confidential.

4. <u>Designation of Documents And Other Material as Confidential</u>. Documents, portions of documents, affidavits, answers to interrogatories, responses to requests for admissions and other Materials may be designated as Confidential by stamping or otherwise marking the document, the portion of the document or the Material as Confidential. Each page of Materials containing Confidential Information shall be separately designated and stamped or otherwise marked. Documents may, but need not be, designated Confidential at the time they are made available for inspection, but shall be so designated at the time copies are produced.

5. <u>Designation of Documents And Other Material as For Counsel Only or Attorneys' Only</u>. The designation "For Counsel Only" or "Attorneys Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, sensitive health information of non-parties and non-public financial information.

6. <u>Designation of Deposition Testimony as Confidential</u>. Any party, person or entity (or their counsel) may designate any deposition testimony or any portion thereof (including exhibits) as Confidential by advising the reporter and all parties of such fact on the record during the deposition or in writing at any time within ten (10) business days after actual receipt of the deposition transcript by counsel for the designating party, person or entity. All deposition transcripts shall be deemed designated Confidential for the first ten (10) business days following receipt by counsel of such deposition transcripts. The reporter shall also be advised to limit distribution of the transcripts to the parties' counsel and the deponent (or his or her attorney). Upon expiration of such ten (10) day period, all portions of the transcript that have not been designated Confidential shall be deemed not protected from disclosure by this Order.

7. <u>Subsequent Designation of Materials As Confidential</u>.  Any Material that is produced without being designated Confidential may be so designated, with respect to future disclosure, by the producing party, person or entity or by any other party to the above-captioned case by sending a letter making such designation to each party who has received or produced such material.  Disclosure of such material prior to its designation as Confidential shall not violate the terms of this Order, provided, however, that when Material is subsequently designated as Confidential, the non-designating parties shall use their best efforts to retrieve such Material from persons no longer entitled to disclosure of such Materials (if any) and prevent further disclosures except as authorized in this Order.

8. <u>Use of Confidential Material</u>.  Confidential Material shall be used by the non-designating party or person only in preparation for and conduct of this lawsuit (including, but not limited to use in briefs, memoranda, amended pleadings, correspondence and other documents relating thereto) and shall not be used for any other purpose except upon the prior written consent of the designating party, person or entity or upon prior order of the Court.  Parties to this lawsuit and other persons or entities subject to this Order that receive Materials designated as "Confidential" shall maintain those Materials in a manner reasonably designed to prevent disclosure.  Nothing in this Order shall prevent any party or person from using or disclosing its own Confidential Material as it deems appropriate.  Notwithstanding anything in this Order to the contrary, the designation of material as Confidential shall not prevent a party from taking discovery from any entity or individual identified in such material.

9. <u>Restrictions on the Disclosure of Material Designated as Confidential</u>.

Confidential Material and all information contained therein or derived therefrom shall not be disclosed to, or discussed with, any person except:

(a) outside counsel of record and in-house counsel to the parties, and their staffs (including legal assistants and other persons employed and supervised by such counsel) reasonably necessary to assist such counsel in the conduct of this action;

(b) those persons who are either a party, officer, employee, and/or agent of a party that are reasonably necessary to assist counsel in the conduct of this action;

(c) reinsurers and auditors of a party to the extent required for performance of the party's responsibilities, and counsel to the reinsurers or auditors of a party and their staffs (including legal assistants and other persons employed and supervised by such counsel) reasonably necessary to assist such counsel;

(d) independent experts, consultants and other persons from whom counsel may seek to obtain evidence, advice or expert opinions (including persons employed or supervised by such persons), to the extent deemed reasonably necessary by counsel for the conduct of this action and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) any person, not a party, who is deposed or testifies in this action, or is to be deposed or to testify in this action (for purposes of preparation for such deposition or testimony), and counsel for such person, to the extent deemed reasonably necessary by counsel for the conduct of this action and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the Court and other courts (including court staff and jurors); and

(g) court reporters, deposition transcript reporters and videographers.

10. Prior to the disclosure of Material that was designated Confidential to those persons or entities authorized under paragraphs 9(d) and (e) of this Order to receive such Material, any such individual or entity shall be provided with a copy of this Order, which he or she shall read.

5

Upon reading this Order, such person or entity shall sign a certification, in substantially the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and will abide by its terms (an "Exhibit A Certification"). Original signed Exhibit A Certification(s) shall be retained by counsel for the party obtaining them and copies shall be provided to counsel for the Parties upon execution.

11. Protection of Confidential Information. No information designated as Confidential may be disclosed to any person or entity other than those expressly identified above, except with the prior written consent of the producing or designating party. A Party who seeks to disclose Confidential information orally (e.g., at a deposition, hearing or trial) shall advise the other Party and/or the Court before disclosing the information, and the other Party shall have the right to exclude (in the case of a deposition) or ask to exclude (in the case of a hearing or trial) from attendance at said deposition, hearing or trial any person other than the deponent or witness and those persons identified in paragraph 9 above.

12. Resolution of Challenges to Designations. Entering into, agreeing to or otherwise comply with the terms of this Order shall not: (a) prejudice in any way the rights of any Party to apply to the Court for an Order that information designated as Confidential need not be treated as Confidential; (b) prejudice in any way the rights of any producing party or person to object to any discovery requests that seek information or documents that it considers not properly subject to discovery; (c) prejudice in any way the rights of a Party to seek a determination of the Court that particular Materials should be produced; or (d) prejudice in any way the rights of a designating party or person to apply to the Court for relief under Fed. R. Civ. P. 26. No party to this action is obliged to challenge the protected status of any Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto. In

6

the event that a non-designating Party seeks to challenge the appropriateness of protected treatment of any Material, such Party shall consult in good faith with the designating party, person or entity in an effort to resolve the matter on an informal basis. In the event no agreement is reached, the non-designating party may seek an order removing the Confidential designation from the disputed Material. The non-designating party shall give no less than five (5) business days' written notice to the designating party, person or entity before seeking such an order, identifying (with as much specificity as is practicable) the document, testimony or other Material that counsel contends is not entitled to protection. The designating party or person shall bear the burden on any such application to the Court of demonstrating that the Materials are properly designated as Confidential and are entitled to such protection. Any document, testimony or other Material as to which such a motion is made shall continue to be treated as Confidential until the Court rules or the motion is otherwise resolved.

13. <u>Filing of Confidential Material Under Seal</u>. In the event any Material designated as "Confidential" is to be included in, attached to, referred to, or is an exhibit to any brief, memorandum, affidavit, document or transcript which is to be filed with either the Court or the Clerk during the course of proceedings arising out of this action, the party proposing to file such Material shall give notice to the disclosing party, person or entity and shall reasonably cooperate with the disclosing party, person or entity in filing a motion to seal such Material, and obtaining an order to seal, before such Material is filed.

14. <u>Receipt of Subpoena</u>. If any Party in possession of Material designated Confidential under this Order (the "Responding Party") receives a subpoena seeking production or other disclosure of such Confidential Material, the Responding Party shall give prompt written notice within two (2) business days to counsel for the Party or person who designated the Materials

7

Confidential, and shall enclose a copy of the subpoena. The Responding Party shall withhold production of the Material for as long as permitted by law or until authorized to disclose the Material by the Court or Disclosing Party. When possible, at least ten (10) business days' notice before the production or other disclosure should be given. Upon providing proper notification, either Party may object to the requested disclosure on the ground of confidentiality or otherwise. If the Party objecting to the requested disclosure is not the Responding Party, then the other Party may intervene in the proceeding and register its objection and the Responding Party shall withhold production pending the results of such objection. Nothing in this Order, however, shall prevent a Responding Party from, after providing the written notice described by this Paragraph, disclosing any such Material by the date indicated by an administrative or court order, or demand from any governmental agency or grand jury.

15. <u>Protection of Confidential Material Upon Termination of This Action</u>. The parties agree that, within 45 days of the final conclusion of all aspects of this lawsuit, including any and all appeals, the Parties shall identify all persons to whom Materials designated pursuant to this Order were produced and shall either (a) assemble and return all such material in its possession or (b) destroy all such material in its possession, delivering to opposing counsel of record a written certificate of compliance with this Section. Notwithstanding the foregoing, at the close of the case, the Parties and their outside counsel of record may retain copies of "Confidential" Materials that were filed with the Court, used at trial, or made an exhibit to a deposition so long as such documents are held in the strictest confidence and remain subject to the provisions of this Order. The Court shall retain jurisdiction to enforce this Order after the conclusion of this action.

16. <u>Inadvertent Production</u>. Inadvertent production of information considered Confidential Information without the "Confidential" designation shall not constitute a waiver of

the producing party's right to designate the information produced as Confidential Information. The producing Party shall give prompt written notice to the Party receiving the information that was produced without the "Confidential" designation as soon as the omission is discovered. The receiving Party shall then mark as "Confidential" all documents or things indicated by the producing Party as having been produced without such designation, and treat those documents in accordance with this Agreement. If multiple versions of the same document are produced with different confidentiality designations, the more restrictive designation shall apply to all copies produced even if not so designated. Furthermore, the inadvertent production of any document or other information during discovery in this lawsuit shall be without prejudice to any claim that such material is subject to the attorney client privilege or is protected from discovery under the work product doctrine. No Party shall be held to have waived any rights by such inadvertent production.

17. <u>Further Protection or Relief from this Order</u>. Nothing contained in this Order shall be deemed to preclude any Party at any time (a) from seeking and obtaining from the opposing Party or the Court, on appropriate showing, a further protective order relating to (i) material designated Confidential, (ii) material which may not fall within the definitions of Confidential, (iii) any discovery in this case; or (b) from applying to the Court for any relief from any provision of this Order, on good cause shown. Nothing in this Order shall be construed as preventing any Party from making application to the Court for revision or modification of the terms of this Order.

18. <u>Court Approval</u>. The parties agree forthwith to submit this Order to the Court for approval, and further agree that, pending approval by the Court, this Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

19. This Order shall not constitute a waiver of either Party's rights under the Federal Rules of Civil Procedure.

**SO ORDERED**.

Signed: January 3, 2025

David C. Keesler
United States Magistrate Judge

| | |
|---|---|
| */s/ Alec S. Jalovec* | /*s/S. Abigail Littrell* |
| David G. Redding | S. Abigail Littrell, NC Bar No. 49354 |
| Alec Steven Jalovec | 201 South College Street, Suite 2300 |
| TLG LAW | Charlotte, NC  28244 |
| 2907 Providence Road, Suite 303 | Telephone: 704-405-3137 |
| Charlotte, NC  28211 | Facsimile: 704-342-4379 |
| Telephone:  704-900-2215 | Email: abby.littrell@ogletreedeakins.com |
| Email: dredding@tlg-law.com | |
|       ajalovec@tlg-law.com | AND |

*Attorneys for Plaintiff*

Andrew P. Burnside, LA Bar No. 14116
701 Poydras Street, Suite 3500
New Orleans, LA  70139
Telephone:  504-648-3840
Facsimile:  504-648-3859
Email:  drew.burnside@ogletree.com
*Admitted Pro Hac Vice*

*Attorneys for Defendant*

11

Case 3:24-cv-00211-DCK    Document 24    Filed 01/03/25    Page 11 of 12

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, [enter full name], of [full address], declare under penalty of perjury that I have read in its entirety and understand the STIPULATED PROTECTIVE ORDER GOVERNING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION that was issued by U.S. District Court for the Western District of North Carolina on [date] in the case of *Patricia Hoffman v. Teachers Insurance and Annuity Association of America*, Case No. 3:24-cv-00211. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of United States District Court for the Western District of North Carolina for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed Name: _____  Date: _____

Signature: _____